United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20034
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GONZALEZ-RUIZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-475-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Gonzalez-Ruiz (Gonzalez) appeals his conviction and sentence for illegal reentry following deportation. Gonzalez argued that the district court committed reversible error under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. The Government concedes that Gonzalez has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Accordingly, Gonzalez's sentence is vacated, and this case is remanded for resentencing.

Gonzalez also argues that the district court erred in ordering, as a condition of supervised release, that he cooperate with collection of a DNA sample. Gonzalez acknowledges that this court determined this issue is not ripe for review in United States v. Riascos-Cuenu, 428 F.3d 110, 1102 (5th Cir. 2005), petition for cert. filed, (Jan. 9, 2006) (No. 05-8662), but raises it to preserve it for further review. Accordingly, this issue is dismissed for lack of jurisdiction.

Gonzalez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING; APPEAL DISMISSED IN PART.